IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANNAH HARRIS, | |
| Plaintiff, | Civil Action No. 2:17-cv-00095-CB |
| v. | |
| | Judge Cathy Bissoon |
| MIDAS, AUTO SYSTEMS CENTERS, INC., KATZ MIDAS FRANCHISES, MIDAS AUTO SERVICE EXPERTS, MIDAS AUTO & TIRE EXPERTS, MAX AUTO SUPPLY COMPANY, KEN SHICK, TRENT KIGHT, TBC CORPORATION, MIDAS, INC., and MIDAS INTERNATIONAL CORPORATION, | *Electronically Filed* |
| Defendants. | |

### DEFENDANTS TBC CORPORATION, MIDAS, INC. AND MIDAS INTERNATIONALCORPORATION'S MOTION TO DISMISS

Defendants TBC Corporation, Midas, Inc. and Midas International Corporation ("TBC Defendants"), by and through their undersigned attorneys, file this Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), seeking the dismissal of Plaintiff Hannah Harris' ("Harris") claims against them with prejudice. In support thereof, the TBC Defendants state as follows:

1.  On January 19, 2017, Harris filed a seven-count complaint against Midas, Auto Systems Centers, Inc., Katz Midas Franchises, Midas Auto Service Experts, Midas Auto & Tire Experts, Max Auto Supply Company, Ken Shick, Trent Kight, TBC Corporation, Midas, Inc. and Midas International Corporation, alleging various causes of action under Title VII of the Civil Rights Act of 1964 ("Title VII") and state tort claims.

2. This particular motion is brought only on behalf of Defendants TBC Corporation (Midas parent company), Midas, Inc. and Midas International Corporation. In order to differentiate these corporate entities, they will be collectively referred to as the "TBC Defendants".

3. The remaining corporate Defendants will be referred to as the "Katz Defendants."

4. Individual Defendants Ken Shick and Trent Kight will be identified separately, where necessary.

5. The claims against the TBC Defendants include the following: Count I, sexual harassment under Title VII; Count II, gender discrimination under Title VII; Count III, hostile work environment harassment under Title VII; Count IV, retaliation under Title VII; Count V, assault and battery; Count VI, intentional infliction of emotional distress ("IIED"); Count VII, invasion of privacy – intrusion upon seclusion.

6. Despite Harris' claims that the TBC Defendants discriminated and retaliated against her based on her sex and gender, she provides no factual allegations showing that TBC was, in fact, her employer.

7. Harris does not identify the TBC Defendants as her employer, but identifies them as the "Midas parent companies and the franchisor of the Midas shop locations, including the Lower Burrell location at which Plaintiff was employed." (Complaint, ¶ 15).

8. Indeed, Harris does not specifically identify who she contends her employer is in the Complaint, but names all entities associated with the franchisee at the location where she worked.

9. The closest Harris comes to identifying her employer is to say that "Auto Systems Centers, Inc. is the Katz-family owned entity that appeared on Plaintiff's paycheck." (Complaint, ¶ 4).

10. Auto Systems was Harris' employer (Ex. A, Katz Affidavit).

11. The franchisor was Midas International Corporation (Ex. A).

12. A true and correct copy of the Midas Franchise and Trademark Agreement ("Trademark Agreement") was provided to Attorney Bracken and is attached to this Motion with the Affidavit of Ian Katz.

13. Harris does not allege how the TBC Defendants are liable for the alleged violations of Title VII or the state tort claims of assault and battery, IIED and invasion of privacy, except to allege a franchisor/franchisee relationship existed between the TBC Defendants and the Katz Defendants (Complaint, ¶¶ 31-43).

14. As many courts have noted, including the Third Circuit, "the mere existence of a franchise relationship does not necessarily trigger a master-servant relationship . . ." Drexel v. Union Prescription Centers, 582 F.3d 781, 786 (3d Cir. 1978).

15. Pursuant to Judge Bissoon's rules, Defendant exchanged e-mails with Harris' attorney outlining its bases for filing its motions to dismiss, and also held a meet and confer with Attorney Bracken on March 14, 2017.

16. Because it is unclear in the Complaint, Attorney Pagac asked Attorney Bracken if he was seeking to find these entities liable under the single employer "integrated enterprise theory," or the joint employer theory.

17. Attorney Bracken indicated he was seeking to hold the entities liable on the Title VII and tort claims on a joint employer theory.

18. Pennsylvania district courts examine three factors in determining whether a joint employer relationship exists: (1) authority to hire and fire employees, promulgate work rules and assignments, and set conditions of employment (including compensation, benefits and hours); (2) day-to-day supervision of employees, including employee discipline; and (3) control of employee records, including payroll, insurance, taxes and the like. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485, 493-94 (W.D. Pa. 2007) (citing NLRB v. Browning-Ferris Indus., Inc., 691 F.2d 1117, 1124-25 (3d Cir. 1982)).

19. The TBC Defendants request that this Court dismiss Harris' claims against it because Harris has alleged no facts to satisfy the applicable legal standard. Specifically:

   a) Harris has failed to allege that the TBC Defendants had any authority to hire or fire her;

   b) Harris has failed to allege that the TBC Defendants issued her any work rules or assignments;

   c) Harris has failed to allege that the TBC Defendants had any control over her compensation, benefits, hours, or other conditions of employment;

   d) Harris has failed to allege that the TBC Defendants exercised day-to-day supervision over her or had authority to discipline her; and

   e) Harris has failed to allege that the TBC Defendants controlled any employee records, such as personnel files, payroll, insurances, or taxes.

20. In fact, the TBC Defendants provided no supervision or direction to Harris; did not hire or fire her; had no authority over her employment conditions; never compensated her for work she performed at this site; and never had possession over any of her personnel, payroll, insurance, tax, or similar records (Katz Affidavit, Ex. A, ¶ 22).

21. Simply being a franchisor/franchisee is not sufficient to create liability on the part of the franchisor for the franchisee's alleged actions.

22. Any attempt by Harris to re-plead her Complaint would be futile because she cannot plead any facts to satisfy the joint employer test.

23. The TBC Defendants cannot be liable on the state tort claims because even if the Trademark Agreement controls the result of the work, it does not control the manner in which the work is accomplished.

WHEREFORE, for these reasons as discussed more fully in the TBC Defendants' Brief in Support of its Motion to Dismiss, which is incorporated herein by reference, the TBC Defendants respectfully request that this Court grant its Motion to Dismiss Harris' claims against them.

Respectfully submitted,

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP

Dated: March 27, 2017

By: /s/ Shelly R. Pagac
Shelly R. Pagac, Esquire
PA I.D. #63327
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
(412) 263-2000

*Attorneys for Defendants TBC Corporation, Midas, Inc. and Midas International Corporation*

3365182v1