# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANNAH HARRIS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-95 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| AUTO SYSTEMS CENTERS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendants' Motion for Stay of Proceedings to Enforce Judgment Pending Resolution of Post-Trial Motions and Waiver of Bond Requirement, ("Stay Motion," Doc. 152), filed on December 4, 2019. The following day, Plaintiff filed a Response in Opposition to the Stay Motion, ("Response," Doc. 159). For the reasons that follow, Defendants' Stay Motion will be denied.

To determine whether a stay in this context should be granted, the Court should consider the following:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

In re Revel AC, Inc., 802 F.3d 558, 568 (3d Cir. 2015).

Here, there is no pending motion before the undersigned from Defendants that will alter the judgment, and no indication from Defendants that such a filing is contemplated or forthcoming. (Stay Motion at ¶ 9 ("[I]t is not the Defendants who have filed the post-trial motions."); id. at ¶ 10 ("It is not the Defendants here who are seeking to prolong this matter.").) The Court agrees with Plaintiff that her lone post-trial motion, Document 149, asks the Court to

consider granting her relief that does not impact the jury's verdict or the Court's judgment award. Thus, at this juncture, Defendants cannot satisfy either of the first two factors: Defendants cannot show any likelihood of success or irreparable harm. In re Revel, 208 F.3d at 568–69 (Stay applicant must show "'a reasonable chance, or probability, of winning.'") (quoting Singer Management Consultants, Inc. v. Milgram, 650 F.3d 223, 229 (3d Cir. 2011) (en banc)).

With respect to the third and fourth factors, each favors Plaintiff. Ample evidence was presented at trial demonstrating that the judgment in this case will be used to help Plaintiff's quality of life and health. The jury's verdict credited this testimony. Any delay in payment of the judgment could adversely impact Plaintiff's ability to access needed medical services, and the Court agrees that this could result in a substantial injury to her. The public interest even more clearly favors Plaintiff. The jury found Defendants liable for sexual harassment and discrimination and determined that substantial punitive damages were appropriate to punish Defendants for the reckless indifference they showed to Plaintiff's federal rights. Delaying the execution of this judgment in such a circumstance would require quite a strong showing on the other factors, and as already noted, Defendants have not even attempted to do so here.

Finally, although the Court agrees with Plaintiff that Defendants engaged in conduct during trial for which sanctions could have been imposed — including repeatedly violating the Court's Order on Pretrial Motions — no sanctions will be imposed at this time. However, the Court takes note of the concerns raised by Plaintiff in her Response and agrees that these concerns have some merit. Moving forward, Defendants and their counsel should take care to ensure their filings are made in good faith and are adequately supported by relevant authority.

Therefore, in accordance with the above, Defendants' Stay Motion, (Doc. 152), is DENIED.

IT IS SO ORDERED.


December 16, 2019                                       s/Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States District Judge

cc (via ECF email notification):

All Counsel of Record