# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANNAH HARRIS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-95 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| AUTO SYSTEMS CENTERS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Hannah Harris's ("Plaintiff's") Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial as to Plaintiff's Intentional Infliction of Emotional Distress Claim, ("Motion for Judgment," Doc. 149). Defendant Auto Systems Centers, Inc. ("Auto Systems") filed a Response in Opposition to Plaintiff's Motion for Judgment, ("Response," Doc. 167). For the reason that follow, Plaintiff's Motion for Judgment will be denied.

In its verdict, the jury found that Ken Shick ("Mr. Shick") intentionally inflicted emotional distress upon Plaintiff. ("Verdict Slip," Doc. 139 at Question 12a.) However, the jury determined that Plaintiff's employer, Auto Systems, did not "intentionally inflict[ ] emotional distress upon Plaintiff through the action of any of its agents." (Id. at Question 12b.)

Plaintiff asserts in her Brief in Support of her Motion for Judgment that, as a matter of law, "if the jury found that Mr. Shick intentionally inflicted emotional distress upon Hannah Harris, the jury should have also found that the employer did through his actions. Yet the jury found that the employer did not intentionally inflict emotional distress through the action of any of its agents." ("Brief in Support," Doc. 150 at 5.) Plaintiff contends that this result—Mr.

1

Shick's liability and Auto Systems's non-liability—is internally incompatible, or, in the alternative, certainly inconsistent. (See, e.g., id. at 6 ("[T]he indisputable evidence presented at trial was that Ken Shick was acting on behalf of Auto Systems as its agent, while he harassed, retaliated against and inflicted emotional distress upon Hannah Harris.").)

In Response, Auto Systems avers "Plaintiff's request that the employer now be found automatically liable" is contrary to the jury instructions and the law. (Response at 3.) Central to Auto Systems's argument is that the jury also determined that Mr. Shick's conduct "was motivated by personal reasons or personal animosity towards Plaintiff, and was not directed at her as an employee or because of her employment." (Verdict Slip at Question 13.) In light of the jury's finding that Mr. Shick's assault, battery and intentional infliction of emotional distress were not directed at Plaintiff "as an employee or because of her employment," Auto Systems contends that the jury's finding of non-liability as to it is not inconsistent at all. (Response at 5.) Auto Systems cites several cases in support of its position that an employer cannot be held automatically or vicariously liable for the actions of its agents when those actions are taken for personal reasons and fall outside the scope of employment. (Response at 16–18.)

The Court agrees with Defendant that vicarious liability cannot serve as a basis to "automatically" impose liability onto Auto Systems for intentional infliction of emotional distress. The jury was asked whether Plaintiff's employer, Auto Systems, "intentionally inflicted emotional distress upon Plaintiff **through the action** of any of its agents," and concluded that Auto Systems had not. (Verdict Slip at Question 12b (emphasis added).) This language makes clear that simply being an agent is not the basis for liability. Rather, consistent with agency principles, Mr. Shick is personally liable for personal conduct, and Auto Systems is liable for

2

those actions he, and any of its other agents, took in the scope of their employment. Restatement (Second) of Agency § 228.

Plaintiff does not provide sufficient justification for bridging this gap, instead insisting that because Mr. Shick was Auto Systems's agent and he was found liable, Auto Systems must be liable, too. (E.g., Brief in Support at 7.) This is not the law. The cases cited by Plaintiff do stand for the proposition that an intentional infliction of emotional distress claim can exist against an employer in circumstances like those of this case. (Brief in Support at 4.) The Court agreed with Plaintiff on this point, and submitted the claim to the jury for their consideration. The jury found Mr. Shick's assault, battery and intentional infliction of emotional distress upon Plaintiff were inflicted for personal reasons, unrelated to Mr. Shick's employment, and thus not attributable to Auto Systems.

Plaintiff argues strenuously that there must be another basis for liability, but the jury's determinations are an unsurmountable hurdle to her at this juncture. As both parties acknowledge, whether Auto Systems intentionally inflicted emotional distress upon Plaintiff was a jury question. After extended consultation with the parties, the Court included two separate questions on the verdict slip concerning liability of Mr. Shick and Plaintiff's employer for intentional infliction of emotional distress. Plaintiff states that the evidence to support her intentional infliction of emotional distress claim against Auto Systems was overwhelming. However, the Court finds that a reasonable jury could have made the decision it made, and there is no reason to revisit the jury's considered judgment on this issue.

For the reasons discussed above, Plaintiff's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial as to Plaintiff's Intentional Infliction of Emotional Distress Claim, (Doc. 149), is **DENIED**.

IT IS SO ORDERED.


February 20, 2020                                       s/Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States District Judge


cc (via ECF email notification):

All Counsel of Record