IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANNAH HARRIS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-95 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| AUTO SYSTEMS CENTERS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Counsel's (or "Mr. Bracken's") Motion for Attorney's Fees and Costs, ("Motion for Fees," Doc. 143). Defendants filed a Response in Opposition, ("Response," Doc. 148), and Plaintiff filed a Reply, ("Reply," Doc. 162). For the reasons that follow, the Motion for Fees will be granted in part and denied in part.

As the prevailing party at trial, Plaintiff is entitled to an award of her attorney's fees and costs under 42 U.S.C. § 2000e-5(k) and 43 P.S. § 962(c.2). Mr. Bracken has requested an award of $506,237.50 in attorney's fees as well as expert fees and costs in the amount of $145,413.34. (Reply at 8.)

When considering a motion for fees and costs, the emphasis is on what is reasonable in light of the results obtained. Determination of the appropriate amount in costs and fees is within the discretion of the district court. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983). A fee award cannot be decreased based on factors not raised at all by the adverse party. <u>Rode v. Dellarciprete</u>, 892 F.2d 1177, 1183 (3d Cir. 1990). However, once "the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." <u>Id.</u>

1

Defendants do not contest that Mr. Bracken is entitled to recover his fees and costs, but rather request reductions be made to his hourly rate, that time devoted to particular tasks be deducted from the fee award as excessive, and that the total award be reduced due to lack of success on all claims. Additionally, Defendants challenge some of Plaintiff's costs as unreasonable. The Court will address these arguments in turn.

**1.    Plaintiff's counsel's hourly rate and time spent on litigation are reasonable.**

The "most useful starting point" for determining a reasonable fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. This amount, called the lodestar, "is strongly presumed to yield a reasonable fee." Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996).

a.    Hourly rate

The party seeking a fee award must demonstrate the rate charged is the rate "charged by attorneys of equivalent skill and experience performing work of similar complexity." Washington, 89 F.3d at 1036. Affidavits are a standard way of demonstrating this rate, and, "where the opposing party has not presented contradictory evidence, the district court may not exercise its discretion to adjust the requested rate downward." Id.

Mr. Bracken has submitted a request to be compensated at a rate of $400/hour—the rate at which he was retained to represent Plaintiff. (Doc. 162-1.) In support of this rate, Mr. Bracken offers his own declaration, setting forth his experience and his current, typical rate. (Doc. 144-4.) Mr. Bracken also offers declarations from "skilled, experienced employment law attorneys" who practice in the Pittsburgh area, each of whom stated that Mr. Bracken's hourly rate is appropriate given his skill, and that his rate is consistent with the rates charged by plaintiff's side employment lawyers in this market. (Docs. 144-5, 144-6, and 144-7.)

In their Response, Defendants put forth no evidence suggesting Mr. Bracken's rate is excessive. Instead, they speculate that Mr. Bracken's retainer agreement in this case was for less than that amount. This speculation, which was shown to be inaccurate, (Doc. 162-1), is plainly insufficient to reduce Mr. Bracken's hourly rate. Washington, 89 F.3d at 1036. Thus, the Court finds an hourly rate of $400/hour is reasonable in this matter.[1]

      b.     Time spent on litigation

With respect to the number of hours billed, these hours are compensable to the extent that they are "reasonably expended" on the litigation. Hensley, 461 U.S. at 434. To evaluate the reasonableness of the hours devoted to a task, a district court must "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001) (citing Public Int. Research Group of N.J. Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995). In order to ensure the hours are reasonably expended, it is critical those hours be properly documented. Washington, 89 F.3d at 1037–38.

The evidence put forth by Mr. Bracken is more than sufficient to determine that nearly all of the time claimed was reasonably expended on the litigation. Mr. Bracken produced contemporaneous time records, and they are sufficiently specific for the Court to determine the general activities counsel performed. Id. Additionally, the Court has reviewed the time

---

[1] The Court also finds the hourly rates billed for other lawyers who worked minimally on this matter and the support staff utilized by Mr. Bracken to be reasonable. While Defendant contends that Mr. Archinaco's rate is unsupported and excessive, the Court disagrees, and finds the evidence offered by Plaintiff is sufficient to establish reasonableness. (Docs. 162-13, 162-14.) Further, as with their arguments against Mr. Bracken's fee, Defendants offered no evidence in support of their position. A downward adjustment cannot be made.

3

entries—which span over three years—and finds that the time spent on the tasks specified is not "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. Defendants do not raise any general arguments on this point, but rather contend that time spent on specific tasks is not properly recoverable.

        c.    Defendants' objections to specific entries

Defendants' Response raises objections to the time spent on particular litigation tasks. These objections include that Mr. Bracken spent excessive time with Precise, the trial consultant used before and during trial; excessive time with DecisionQuest; and that the work performed related to the state court proceeding was redundant and unnecessary. (Response at 7; 15–16.) None of these arguments are persuasive.

Mr. Bracken represents that he used Precise to preserve and prepare critical evidence in this case, including the audio recording and video deposition clips he used expertly at trial. (Reply at 6.) Further, time was spent with Precise in connection with efforts to settle the case through the Court's Alternative Dispute Resolution program, which the Court agrees shows that Plaintiff's participation in that process was in good faith. (Id.) Finally, as the Court stated at the close of trial, Jody Wolk of Precise did a masterful job in assisting Mr. Bracken in the presentation of evidence at trial. In particular, Mr. Bracken and Ms. Wolk worked together to seamlessly present evidence, including many video deposition clips in rapid succession to impeach defense witnesses. The Court need look no further than the jury verdict to know that all the time Mr. Bracken spent with Precise to ensure evidence was presented smoothly was well spent.

For similar reasons, the Court declines to deduct the small amount of time Mr. Bracken spent with DecisionQuest. As Mr. Bracken points out in his Reply, he tried this case alone,

without the assistance of another lawyer, and the credible testimony of Plaintiff at trial was critical to the ultimate success of the litigation. (Reply at 7.) Moreover, consultation with an experienced specialist to prepare for Plaintiff's trial testimony and with respect to issues related to jury selection, rather than use of another lawyer, is a sensible way to exercise discretion and potentially control costs.[2]

Finally, the Court rejects completely Defendants' argument that the time Mr. Bracken spent on the state court litigation should be deducted as "redundant and unnecessary." (Response at 7.) At best, this objection is frivolous, and at worst, it is entirely disingenuous. It is clear from the attachments to Plaintiff's Reply that Defendants consented to discontinuing the state proceedings and that litigation on those claims continued in this federal proceeding. (Reply at Ex. 8, 9.) Mr. Bracken also indicates that the video deposition obtained in the course of those proceedings was used to impeach Defendant Shick at trial, and that he utilized the research he performed in the state proceeding in this one. (Reply at 5.) No reduction will be made.

Defendants objections to Mr. Bracken's work related to Plaintiff's opposition to Defendants' motion for summary judgment on franchisor liability and to Plaintiff's work with Susan Strauss, her excluded expert, are more compelling. (Response at 7–9; 16–18.)

On this first point, the Court is mindful that attorney "hours 'fairly devoted' to one defendant that also support the claims against other defendants are compensable," but when the hours spent are sufficiently separable from the rest of the litigation, they should be deducted. Rode, 892 F.2d at 1185–86. The Court agrees with Defendants that the hours Mr. Bracken spent opposing the TBC Defendants' Motion for Summary Judgment are properly deducted. These

---

[2] For these reasons, the Court will similarly not deduct Mr. Bracken's costs associated with DecisionQuest and Dr. Greeley.

issues—related to franchisor liability—are sufficiently distinct from the discrimination and harassment issues at the heart of the case that they can be separated. Further, after extensive discovery, Mr. Bracken had the opportunity to make a reasoned decision after reviewing the evidence about whether to pursue those claims further. He chose to do so and was unsuccessful. Therefore, those fees will be deducted.[3]

However, Mr. Bracken's fees and costs incurred earlier in the litigation with respect to the TBC Defendants will not be deducted. The Court declined to grant the TBC Defendants' motion to dismiss, and Plaintiff can properly be compensated for the time that he spent opposing it. Further, while Defendants argue that Plaintiff drove up fees by pursuing claims against different corporate entities, the testimony at trial, in particular that of Randolph Katz, was far from forthcoming regarding the relationships between the many entities associated with Defendants' businesses. In sum, the issues of who Plaintiff's employer was and where the money earned by Defendants' businesses was kept were contentious throughout the litigation, and Plaintiff reasonably spent considerable time trying to answer each of those questions.

Additionally, Defendants request that all costs and fees associated with Susan Strauss, RN, Ed.D., be deducted because she was ultimately precluded from testifying at trial. As with the Court's conclusions with respect to DecisionQuest, the Court agrees that the use of a specialized expert on particular issues can assist with controlling costs while also ensuring an attorney is prepared. With respect to Dr. Strauss, Mr. Bracken asserted that she assisted him with preparing deposition questions and strategies to defeat Plaintiff's employer's affirmative

---

[3] This amounts to a reduction of $19,460 in attorney's fees. (Doc. 148-1 at 6–7.) To determine this amount, the Court removed almost all hours devoted to the TBC Defendants after August 28, 2018 identified by Defendants, with the exception of two entries involving client communication about the litigation more generally.

defenses. (Motion for Fees at 12.) While it is true that those affirmative defenses are regularly raised in employment cases, in this case, the jury verdict makes clear that the jury rejected this defense. (Verdict Slip at Question 4d.) The Court cannot say that retention of Dr. Strauss was not critical to that outcome. In recognition of her exclusion from trial, however, the Court will reduce the fees and costs associated with Dr. Strauss by 50%.[4]

### 2. Other considerations support a fully compensatory fee.

Mr. Bracken argues that the excellent result achieved in this case mandates a fully compensatory result. (E.g., Brief in Support at 3, 10; Reply at 2–4.) Defendants, on the other hand, argue that a 40% reduction of fees is appropriate because Plaintiff had only "limited success" at trial. (Response at 9–10.)

Plaintiff was the prevailing party, and her victory at trial was a convincing one. Even accepting Defendants' argument that Plaintiff only succeeded on some of her claims, the critical questions to be asked is whether the "plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which [s]he succeeded." Hensley, 461 U.S. at 434. If that is not the case, this Court should "focus on the significance of the overall relief obtained by the plaintiff" rather than trying to view the case as "a series of discrete claims." Id. at 435. Where the circumstances and evidence relating to unsuccessful claims are relevant to the successful claims, a fully compensatory fee may be awarded. Reynolds v. USX Corp., 56 F. App'x 80, 83 (3d Cir. 2003).

At trial in the instant matter, there were no claims Plaintiff failed to prevail on that were unrelated to the claims for which the jury found the Defendants liable. The jury awarded Plaintiff not only compensation for Defendants' unlawful conduct but also imposed punitive

---

[4] This amounts to a reduction of $9,100 in attorney's fees, (Doc. 148-1 at 8–9), and $5,491.87 in recoverable costs, (Doc. 148-2 at 3).

7

damages to punish and deter Defendants for their actions. This alone is reason enough for the Court to award Mr. Bracken his full fee.

There are other aspects of the litigation, however, that also support a fully compensatory award. This litigation was extremely contentious from the outset, as is evidenced by the exhibits to the parties' briefing on the issue of fees and costs. Mr. Bracken's preparation of this case was far in excess of what this Court has seen from counsel, and in particular, from a solo practitioner. This preparation was critical to Plaintiff's success, and it was in no small part necessitated by the evidence presented by Defendants. In particular, as Mr. Bracken notes, the sheer number of inconsistencies present in the testimony of critical defense witnesses at trial was staggering. Effective exposure of those inconsistencies was a large part of how counsel made his case. Additionally, Plaintiff's medical history, and Defendant's strategy with respect to it, also necessitated use of experts and thoughtful preparation.

Moreover, Mr. Bracken undertook significant risk representing Plaintiff on a contingency basis, and he set aside other business opportunities to focus on this case. (Brief in Support at 7.) These factors also support a fully compensatory fee.

Finally, the Court has no doubt that the monetary verdict in this case is a life-changing one for Plaintiff, but also that she received something valuable from standing her ground and proceeding all the way through a difficult trial. (Reply at 4 ("Hannah wanted a public verdict that shamed the Defendants, as they had done to her throughout the litigation.").) The jury's substantial punitive damages award is a vindication of Plaintiff's position, and there is no doubt that this outcome was an "excellent result" for her and her counsel.

### 3. Plaintiff's counsel's costs are reasonable.

Defendants' objections to Plaintiff's costs are in large part addressed by the Court's analysis on fees. For the same reasons that the Court will not deduct from Mr. Bracken's fees related to the state court matter, use of Precise and DecisionQuest, and the other aspects of the litigation, the Court will not deduct costs. The sole exception is that the Court agrees with Defendants that the hotel costs incurred by Mr. Bracken during trial were not necessary. Thus, that cost will be deducted.[5]

Therefore, the total costs and fees appropriately awarded is $615,867.07.[6] Accordingly, Plaintiff's Motion for Attorney's Fees, (Doc. 143), is **GRANTED IN PART**, and **DENIED IN PART**, and costs and fees are entered, in favor of Plaintiff and against Defendants in the amount of **$615,867.07.**

IT IS SO ORDERED.


February 20, 2020                                    s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[5] This amounts to a reduction of $1,731.90 in recoverable costs. (See Doc. 148-2 at 4.)
[6] Representing $477,677.50 in attorney's fees plus $138,189.57 in costs.